# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA** :

   v. : **CRIMINAL NO. 01-005-04**

**GARY RAMSEY** :

### GOVERNMENT'S RESPONSE TO MOTION TO
### CORRECT SENTENCE UNDER 28 U.S.C. § 2255

Gary Ramsey filed a motion under 28 U.S.C. § 2255 (docket no. 456), repeating some of the same arguments that this Court has already denied. The motion should be denied again.

The facts and history of this case are set forth at length in the government's previous response (docket no. 448, filed April 22, 2019), and in this Court's opinion denying 2255 relief (docket no. 450, filed August 9, 2019).

In brief, Ramsey was convicted of numerous charges in relation to a spectacular set of crimes, in which he and an accomplice first robbed a bank at gunpoint on August 30, 2000; and then on November 24, 2000, he and two other confederates set fire to an elementary school as a diversion, and robbed a different bank at gunpoint, before Ramsey's two accomplices engaged in a high-speed chase and shoot-out with police officers in the midst of holiday traffic.

After conviction at trial, Ramsey was sentenced to a term of imprisonment of 75 years. At sentencing, Judge Yohn stated, "I don't hand out very many 75 year sentences, Mr. Ramsey, but you earned it."

Ramsey's direct appeal and initial motion under 28 U.S.C. § 2255 were unsuccessful. Then, on June 22, 2016, Ramsey filed a successive 2255 motion in this Court (docket no. 440), based on *Johnson v. United States,* 576 U.S. 591 (2015). He argued that (a) his status as a career offender was no longer valid, as *Johnson* should be read to invalidate the "residual clause" in the definition of "crime of violence" in the career offender guideline; (b) his two convictions in this case for violation of 18 U.S.C. § 924(c), for use and carrying of a firearm during a crime of violence, specifically, armed bank robbery, were invalid; and (c) the application of mandatory guidelines in this case offended *United States v. Booker*, 543 U.S. 220 (2005), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

The Court initially stayed the matter under an administrative order in effect at the time staying matters raising *Johnson* issues. On April 2, 2019 (docket no. 446), the defendant filed a motion to lift the stay and require a response by the government to the 2255 motion. Defense counsel stated that she elected not to file any supplemental motion. On the same day, the Court granted the defendant's request and ordered the government to file a response, and the government did so on April 22, 2019.

On August 9, 2019, the Court entered an opinion agreeing with the positions set forth by the government. The Court held that it did not have

authority to grant the motion, because the Third Circuit had not authorized a successive 2255 motion. The Court then held that, in the alternative, it would deny the motion on the merits in any event. The Court held: (a) the challenge to career offender status was inapplicable, because the career offender guideline was not applied in this case (and any such challenge would be untimely anyway under *United States v. Green*, 898 F.3d 315 (3d Cir. 2018)); (b) the convictions under Section 924(c), predicated on armed bank robbery, remain valid, pursuant to the decision in *United States v. Johnson,* 899 F.3d 191, 202-04 (3d Cir. 2018); and (c) the challenges based on *Booker* and *Apprendi* are meritless in light of Third Circuit rulings that those decisions are not applicable on collateral review.

Thereafter, on August 27, 2020, the Third Circuit approved Ramsey's motion for permission to file a successive 2255 motion. The Court acted after its decision in *In re Matthews*, 934 F.3d 296 (3d Cir. 2019), which held that a prima facie basis exists that allows a second or successive 2255 motion challenging a 924(c) conviction in light of the decision in *United States v. Davis*, 139 S. Ct. 2319 (2019). The Court made clear that the question whether an offense continued to qualify as a 924(c) predicate after *Davis* is a merits question to be addressed by the district court in the first instance. The Court then approved en masse hundreds of pending petitions, including the defendant's, for permission to proceed.

*Davis* has no bearing here, as this Court stated in its August 9, 2019, opinion. *Davis* invalidated the "residual clause" in the definition of "crime of

violence" in Section 924(c). But the Third Circuit had already held that armed bank robbery, in violation of 18 U.S.C. § 2113(d), is a 924(c) "crime of violence" under the surviving "elements clause" part of the definition.

On September 18, 2019 (docket no. 456), Ramsey's counsel, overlooking this Court's decision denying 2255 relief, presented a new 2255 motion that essentially repeated some of the claims that this Court correctly denied. The motion again asserted, incorrectly, that Ramsey had been sentenced as a career offender, and that this status was undermined by *Johnson*; and that the application of the guidelines as mandatory offended *Booker*. These claims should again be rejected for the same reasons asserted by the government earlier and endorsed by the Court.[1]

---

[1] On July 31, 2020 (docket no. 470), defense counsel wrote to the Court, stating, "Due to information I have received, I believe Mr. Ramsey requires a new motion to be filed in his case that will likely result in a new sentence or reduction in his case. I am writing to request this Honorable Court consider appointing me for the purpose of this motion. If the Court wishes to do so, I am further requesting the Order be retroactive to November 8, 2019, which the first time I was contacted with information that forms the basis of the motion." It is impossible to respond to that request without knowing the basis of the claim. Presumably, a new claim would again require permission of the Court of Appeals to proceed; and as a general rule, a defendant is not entitled to the appointment of counsel to present such a request.

Respectfully yours,

WILLIAM M. McSWAIN
United States Attorney


*/s Robert A. Zauzmer*
ROBERT A. ZAUZMER
Assistant United States Attorney
Chief of Appeals

## CERTIFICATE OF SERVICE

I hereby certify that this pleading has been served on the Filing User identified below through the Electronic Case Filing (ECF) system:

>Carina Laguzzi, Esq.
>P.O. Box 30095
>Philadelphia, PA  19103

>*/s Robert A. Zauzmer*
>ROBERT A. ZAUZMER
>Assistant United States Attorney

Dated:  August 15, 2019.