IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| V. | : | CRIMINAL NUMBER 01-05-4 |
| | : | |
| GARY RAMSEY | : | |

**BRIEF IN SUPPORT OF RELIEF ON MOTION TO VACATE/SET ASIDE/CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 BASED ON *UNITED STATES V. TAYLOR*[1] AND *UNITED STATES V. WALKER*[2]**

This case is pending relief on a Motion to Vacate/Set Aside/Correct Sentence pursuant to 28 U.S.C. § 2255. This Court has allowed briefing based on recent case law by the United States Supreme Court. ECF No. 550.

**BACKGROUND**

Movant Ramsey formerly argued he was entitled to relief based on the Supreme Court's decision in Johnson[3]. See Second Motion to Vacate/Set Aside/Correct Sentence, Pages 3-8. ECF No. 456. Ramsey maintained that, after Johnson under 18 U.S.C. § 924(c), his convictions and sentence were invalidated due to the "residual clause" in the definition of "crime of violence."[4] Johnson v. United States, 559 U.S. ____ (2010)

---

[1] 142 S. Ct. 2015 (2022)

[2] C.A. No. 15-4062

[3] Johnson v. United States, 576 U.S. 591 (2015).

[4] Ramsey had also argued his career offender designation was affected by Johnson. Id. at 6-7. On May 13, 2009, after a pro se motion made to make a correction to the presentence report (ECF No. 412), Judge Younge issued an order to the probation office to amend the final presentence report to reflect nine criminal history points instead of

and ECF. No. 456 at 6-8. Accordingly, if armed bank robbery is not a crime of violence, the Movant's consecutive term of imprisonment of 120 months on Count 4 and 300 months on Count 13 must be vacated, and Movant is entitled to be resentenced. Movant also argued his sentences under 18 U.S.C. §371, 18 U.S.C. § 2113, 18 U.S.C. §§ 844(h)(1)(i) and 844(h)(1) should also be vacated.[5]

Although Mr. Ramsey is no longer classified as a career offender, he is still serving a 900 month sentence which he received 120 months on both Counts 4 and 13 to run consecutive to other counts for the 924(c)(1) charges, which violates the current "anti-stacking law" under The First Step Act, which requires the prior firearm offense to be final at the time of sentencing. First Step Act, H.R. 5682 (December 2018). When Mr. Ramsey was sentenced, the longer recidivist mandatory minimum penalty had to be served consecutively to any sentences imposed for the underlying offenses and other section 924(c) offenses, even when all the offenses were charged in a single indictment. *Mandatory Minimum Penalties for Firearms Offenders in the Federal Criminal Justice System*, United States Sentencing Commission, March 2018, at Page 8. (The practice of charging multiple violations of section 924(c) within the same proceeding was commonly referred to as "stacking" mandatory minimum penalties. Id.)

---

twelve and a criminal history category IV instead of V as well as delete any reference to being a career offender. See Addendum to the Presentence Report.

[5] Relying on United States v. Preston, 910 F.2d 81 (3d Cir. 1990).

Although the sentence for a section 924(c) conviction must be imposed consecutive to any other term of imprisonment, the Supreme Court held in Dean v. United States,[6] § 924(c) does not prevent a sentencing court from considering a mandatory minimum sentence that will be imposed pursuant to it when calculating a guidelines sentence for the underlying predicate offense. Id. at Page 9.[7] The guidelines establish a separate sentencing table with higher penalties for offenders convicted of an offense under section 924(c) and who qualify as a "career offender." Id., referencing USSG § 2K2.4(c). This directly contradicts the addendum to the presentence report which states the deletion of Mr. Ramsey's designation as a career offender "does not impact the guideline applications as stated in the final presentence report. PSR at Page 37.

As both United States v. Taylor, supra and United States v. Walker, supra. now bolster Movant's prior arguments in support of resentencing, he again requests this Court grant him relief by vacating his current sentence.

---

[6] 137 S. Ct. 1170 (Apr. 3, 2017).

[7] "The [Dean] Court explained that a sentencing court generally is permitted to consider the sentence imposed for one count of conviction when determining the sentence for other counts of conviction and that nothing in the text of section 924(c) prohibits such consideration." Id., referencing Dean, 137 S.Ct. at 1176-77.

**LEGAL ARGUMENT**

Mr. Ramsey was convicted of conspiracy to commit bank robbery, in violation of 18 U.S.C. 371 and six charges, all aiding and abetting[8], different crimes arising from two separate bank robberies committed in August and November 2000. [9]

---

[8] Counts 2,11 were for armed bank robbery, in violation of 18 U.S.C. § 2113(d) and aiding and abetting § 2.
Count 4 using, carrying and discharging a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1) and aiding and abetting, § 2.
Count 5 using fire to commit a felony, in violation of 18 U.S.C. 844(h)(i) and aiding and abetting § 2.
Count 6 malicious destruction of a building with fire, in violation of 18 U.S.C. § 844(i) and aiding and abetting § 2.
Count 13 using, carrying and discharging a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1) and aiding and abetting, § 2.

[9] It is noteworthy that both the Taylor and Walker cases deal with defendants convicted of Hobbs Act robbery. However, Mr. Ramsey was convicted for armed robbery under 18 U.S.C. § 2113 and not Hobbs Act robbery which is found in 18 U.S.C. § 1951.  Hobbs Act robbery states: "(a) Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both.
(b) As used in this section-
   (1) The term "robbery" means the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining.
   (2) The term "extortion" means the obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear, or under color of official right.
   (3) The term "commerce" means commerce within the District of Columbia, or any Territory or Possession of the United States; all commerce between any point in a State, Territory, Possession, or the District of Columbia and any point outside thereof; all commerce between points within the same State through any place outside such State; and all other commerce over which the United States has jurisdiction." 18 U.S.C. § 1951.
Similarly, armed bank robbery states: "(a) Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association; or
   Whoever enters or attempts to enter any bank, credit union, or any savings and loan association, or any building used in whole or in part as a bank, credit union, or as a savings and loan association, with intent to commit in such bank, credit union, or in such savings and loan association, or building, or part thereof, so used, any felony affecting such bank, credit union, or such savings and loan association and in violation of any statute of the United States, or any larceny-
   Shall be fined under this title or imprisoned not more than twenty years, or both.
   (b) Whoever takes and carries away, with intent to steal or purloin, any property or money or any other thing of value exceeding $1,000 belonging to, or in the care, custody, control, management, or possession of any bank, credit union, or any savings and loan association, shall be fined under this title or imprisoned not more than ten years, or both; or

### A. <u>United States v. Taylor</u>

The <u>Taylor</u> Court has determined unequivocally that an attempted Hobbs Act robbery cannot count as a predicate "crime of violence" to support a conviction under § 924(c)(3)(A). <u>Taylor</u>, supra. The Court explained that because no element of the offense requires proof a defendant used, attempted to use, or threatened to use force, it is not a

---

Whoever takes and carries away, with intent to steal or purloin, any property or money or any other thing of value not exceeding $1,000 belonging to, or in the care, custody, control, management, or possession of any bank, credit union, or any savings and loan association, shall be fined under this title or imprisoned not more than one year, or both.

(c) Whoever receives, possesses, conceals, stores, barters, sells, or disposes of, any property or money or other thing of value which has been taken or stolen from a bank, credit union, or savings and loan association in violation of subsection (b), knowing the same to be property which has been stolen shall be subject to the punishment provided in subsection (b) for the taker.

(d) Whoever, in committing, or in attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined under this title or imprisoned not more than twenty-five years, or both.

(e) Whoever, in committing any offense defined in this section, or in avoiding or attempting to avoid apprehension for the commission of such offense, or in freeing himself or attempting to free himself from arrest or confinement for such offense, kills any person, or forces any person to accompany him without the consent of such person, shall be imprisoned not less than ten years, or if death results shall be punished by death or life imprisonment.

(f) As used in this section the term "bank" means any member bank of the Federal Reserve System, and any bank, banking association, trust company, savings bank, or other banking institution organized or operating under the laws of the United States, including a branch or agency of a foreign bank (as such terms are defined in paragraphs (1) and (3) of section 1(b) of the International Banking Act of 1978), and any institution the deposits of which are insured by the Federal Deposit Insurance Corporation.

(g) As used in this section the term "credit union" means any Federal credit union and any State-chartered credit union the accounts of which are insured by the National Credit Union Administration Board, and any "Federal credit union" as defined in section 2 of the Federal Credit Union Act. The term "State-chartered credit union" includes a credit union chartered under the laws of a State of the United States, the District of Columbia, or any commonwealth, territory, or possession of the United States.

(h) As used in this section, the term "savings and loan association" means-

   (1) a Federal savings association or State savings association (as defined in section 3(b) of the Federal Deposit Insurance Act (12 U.S.C. 1813(b))) having accounts insured by the Federal Deposit Insurance Corporation; and

   (2) a corporation described in section 3(b)(1)(C) of the Federal Deposit Insurance Act (12 U.S.C. 1813(b)(1)(C)) that is operating under the laws of the United States.

Since bank robbery under 18 U.S.C. § 2113 includes language similar to Hobbs Act robbery regarding attempt. While not every circuit agrees, several circuits have analyzed attempted bank robbery under the Model Penal Code, as the Supreme Court did in Taylor, i.e. an intent to commit bank robbery and a substantial step. Ergo, the same reasoning that makes attempted Hobbs Act robbery not a crime of violence, applies to attempted bank robbery.

"crime of violence" predicate for the §924(c) conviction Id. The Taylor Court went on to say that for a conviction under attempted Hobbs Act robbery, the government only has to prove (1) the defendant intended to commit Hobbs Act robbery, and (2) he completed a substantial step. Id. at 2016-17. However, this is insufficient to categorically qualify as a crime of violence under § 924(c)(3)(A). Id. at 2017.

The Court uses a "categorical approach" to determine whether a felony may serve as a predicate for a conviction under §924(c). Under this approach, the Court determines whether the definition itself includes an element of force, not whether any particular defendant might use force during the commission of the offense. The query here is whether aiding and abetting should be viewed similarly? The answer is a definitive yes, as the same legal reasoning applies. The Supreme Court has found in Rosemond v. United States, 134 S. Ct. 1240 (2014) a defendant could be convicted of aiding and abetting without proof he participated in every element of the offense.

Aiding and abetting requires:

> "(a) Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.
>
> (b) Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal."

18 U.S.C. § 2.

Aiding and abetting requires a similar intent requisite attempt does under the Model Penal Code. If the government does not have to prove the use of violence beyond

6

reasonable doubt to sustain a conviction for aiding and abetting then, under Taylor's logic, this equally applies to 18 U.S.C. § 2.  Again, the definition under aiding and abetting does not include an element of force, as a prerequisite for conviction.

### B.   United States v. Walker

Mr. Ramsey was found guilty of two counts § 924(c), and aiding and abetting during two separate alleged crimes of violence, both bank robberies.  On each of these counts, he was sentenced to 360 months to run consecutively to each other.  ECF No. 265.  After Taylor, is aiding and abetting such a crime to classify as a crime of violence under the elements clause as a predicate to sustain a conviction under § 924(c)?  The answer is no.

Walker had argued his conviction for using and carrying a firearm in connection with a crime of violence must be vacated because conspiracy and attempt to commit Hobbs Act robbery do not qualify as crimes of violence under the "elements clause" of 18 U.S.C. § 924(c)(3). The Third Circuit formerly reasoned:

> "[§] 924(c) provides for a mandatory minimum consecutive sentence where a defendant uses or carries a firearm during and in relation to a predicate "crime of violence." 18 U.S.C. § 924(c)(1)(A). The statute defines a crime of violence in part as an offense that is a felony and "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." Id. § 924(c)(3)(A)." Id. at 9.

In denying Walker's argument in 2021, the Third Circuit found that:

> "…the alleged confusion regarding which count—conspiracy or attempt—served as the predicate offense for his Section 924(c) conviction is belied by the record. In charging the jury on the Section 924(c) count, the District Court told the jury that, in order to convict Walker on this count, it must find beyond a reasonable doubt "that the conspirator or the accomplice committed the crime of *attempted* interference with interstate commerce by robbery." App. 885 (emphasis added). Breaking the charge down further, the Court continued, "So you would have to find . . . that during and in relation to the commission of that *attempted* Hobbs Act robbery, the Defendant or one of his accomplices or conspirators knowingly used or carried a firearm." *Id*. (emphasis added). Because the Court clearly instructed the jury on the attempt count, we again find no error, plain or otherwise.") Id. at 9-10.    On April 18, 2016, the Supreme Court held that Johnson is retroactive to cases on collateral review. Welch v. United States, No. 15-6418, — S. Ct. — (April 18, 2016).  As Johnson is retroactive for ACCA purposes, it is also retroactive for guidelines purposes.[10] Johnson applies retroactively to this case.

Walker, supra.

Here, Ramsey is in a similar position as Walker was/is, as to the conspiracy charge[11], and he requires relief.

---

[10] This Court can make the decision about Johnson's retroactivity to guidelines cases in a first motion brought under 28 U.S.C. § 2255—it does not have to wait for the Supreme Court or the Courts of Appeals to do so first. See United States v. Swinton, 333 F.3d 481, 486 (3d Cir. 2003) ("[C]ourts of appeals and district courts may determine whether a novel decision of the Supreme Court applies retroactively, and thus whether a collateral attack is timely under § 2255.").

[11] Still recognizing there is a slight difference between 18 U.S.C. § 2113 and § 1951.

**CONCLUSION**

For all of the reasons stated here, as well as arguments made in prior filings, Movant respectfully asks this Court to grant the relief sought in this § 2255 motion and list this matter for a resentencing hearing.

Respectfully submitted,<br>
LAGUZZI LAW, P.C.<br>
By: /s/ Carina Laguzzi<br>
Carina Laguzzi, Esquire

DATED: 08/17/2022

**CERTIFICATE OF SERVICE**

I certify that on this 17th day of August, 2022, I have served a true and correct copy of the attached Brief in support of relief on Motion to Vacate/Set Aside/Correct Sentence pursuant to 28 U.S.C. § 2255 based on *United States v. Taylor* and *United States v. Walker* via electronic filing on the CM/ECF system, thus made it available for downloading and printing, upon the following parties:

| | |
|---|---|
| AUSA David Andrew Degnan<br>615 Chestnut Street<br>Suite 1250<br>Philadelphia, PA 19106 | The Honorable Paul S. Diamond<br>U.S. District Courthouse<br>601 Market Street<br>Philadelphia, PA 19106 |
| Via first class mail upon: | GARY RAMSEY<br>#46821-066<br>FCI BENNETTSVILLE<br>P.O. BOX 52020<br>BENNETTSVILLE, SC 29512 |

/s/ *Carina Laguzzi*

CARINA LAGUZZI, ESQUIRE
Attorney for Petitioner